## CHARLES D. GADDIS

*v.*

## JOHN B. LEESON *et al.*

CONTRACT—*sale of land—whether binding.* A, being the owner of a lot of ground in Chicago, offered to sell the same for $400. B accepted the offer, and as A was owing B more than that sum, it was agreed the purchase money should be allowed on the account. No memorandum of any kind was made in writing. No receipt was taken for the $400. Nor was any credit given on the account, and no time was fixed for completing the contract, and nothing further was done or said in regard to it: *Held,* there was nothing in such a contract which was legally binding on either party, or which could be enforced in law or equity.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Messrs. DIVINE & PRATT, for the appellant.

Mr. B. F. PARKS, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is a suit brought by John B. and William J. Leeson against Gaddis, to recover $666.66 received by the latter on the sale of a lot in Chicago. In July, 1868, the plaintiffs, then residing in DeKalb county, executed a deed, conveying the lot to the wife of one Clark, in pursuance of an arrangement previously made between the defendant and Clark, and gave it to the defendant, who took it to Chicago, delivered it, and received the money. He received the sum above named, but was willing to settle with the plaintiffs for only $400, which the latter refused. The jury found a verdict for the amount claimed, and the court gave judgment, from which the defendant appealed.

The defense is made on the ground that, in April, 1868, William Leeson sold the lot to the defendant, by a verbal contract, for $400, and it is insisted the title thus equitably belonged to him at the time of the sale to Clark, and he should be required to account for only the $400.

The plaintiff testifies, that such a sale was talked about but never agreed upon. Putting his testimony aside, however, and testing this matter upon the defendant's own statement, as given in his evidence, it is clear no binding contract was made, and this defense must be held unavailing. He says William Leeson was then staying at his house, and told him, one day, he had bought his brother's interest in the lot, and would sell

to defendant if the latter would give what Clark had offered. Defendant agreed to this. He was to have the lot at $400, and as William Leeson was owing him more than that sum, the purchase money was to be allowed on the account. No memorandum of any kind was made in writing. No receipt was taken for the $400, nor was any credit given on the account. No time was fixed for completing the alleged contract, and nothing further was done or said in regard to it for three months. At the end of that time, the defendant had sold the lot to Clark, and procured from the plaintiffs a deed to Clark's wife, and an order on Clark to pay over the money. There is nothing in the contract between defendant and William Leeson, as thus stated by the defendant himself, which was legally binding on either party, or which could be enforced in law or equity. There was no memorandum. There was no payment. There was no part performance of any kind. It was a merely verbal offer and a verbal acceptance, and there the matter ended.

It follows that the defendant must be held to have received the money from Clark for the use of plaintiffs.

The view we have taken of this case renders it unnecessary to consider the questions raised on the instructions.

*Judgment affirmed.*